272 P.2d 176

**WEBER BASIN WATER CONSERVANCY DIST.**

v.

**MOORE et al.**

No. 8134.

Supreme Court of Utah.

July 6, 1954.

1.  See Alvarado v. Tucker, 2 Utah 2d 16, 268 P.2d 986.

The record indicates that the $31,025 which the lower court found was the value of the land taken, is at least $1,800 in excess of any competent testimony given. In urging otherwise, defendants say that "a simple perusal of the transcript gives figures which the court *obviously* used since the result agrees to a penny with the conclusions of the lower court," and point to testimony that there were 65 acres valued at $21,125, 18 acres at $7,200 and 150 acres at $2,700, totalling $31,025, the exact amount found by the court. Difficulty lies in the fact that the number of acres upon which the amounts were calculated by the witnesses was 233, whereas only 219.3 acres were sought to be and were condemned. It seems, therefore, that the finding was arrived at from testimony based on mistaken acreage.

Counsel urge, however, that if the testimony does not sustain the figure found, the view of the premises by the court can be treated in the nature of evidence and would justify the higher figure of value which no other evidence supported. Although courts are reticent in upsetting findings or verdicts after a view has been indulged, we do not believe the function of a view is to supply evidence totally lacking, but rather to assist in interpreting and resolving differences in evidence adduced under appropriate rules and procedure.

Howell, Stine & Olmstead, Ogden, E. J. Skeen, Salt Lake City, for appellant.

J. Lambert Gibson and James E. Faust, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment condemning land for a dam, the plaintiff urging that there was no evidence to support the lower court's finding as to the value of the land taken. Reversed and remanded for a new trial, with costs to plaintiff.

McDONOUGH, C. J., and CROCKETT, WADE, and WORTHEN, JJ., concur.